MARTIN F. McDERMOTT
Martin.mcdermott@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.147
Washington D.C. 20001
Telephone (202) 514-4122

*Attorney for Defendant*

ROBERT UKEILEY, Admitted *Pro Hac Vice*
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Tel: (720) 496-8568
Email: rukeiley@igc.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 4:24-cv-01900-HSG<br><br>**CONSENT DECREE** |

WHEREAS, on March 28, 2024, Plaintiffs Center for Biological Diversity, and Sierra Club (collectively, "Plaintiffs") filed the above-captioned matter asserting three Claims against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. 1);

WHEREAS, on May 11, 2024, Plaintiffs filed a first Amended Complaint (Dkt. 17);

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failures (as described more fully hereinbelow) are actionable as breaches of such nondiscretionary duties under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, in their Prayer for Relief, Plaintiffs request that the Court (a) declare that the Administrator is in violation of the CAA with regard to his alleged failures to perform such nondiscretionary duties; (b) issue a mandatory injunction requiring the Administrator to perform such duties; (c) retain jurisdiction over this matter for purposes of enforcing and effectuating the Court's order; and (d) grant Plaintiffs their reasonable costs of litigation;

WHEREAS, on April 28, 1971, pursuant to CAA section 109(a)(1), 42 U.S.C. § 7409(d)(1), the EPA Administrator signed a notice promulgating a rule establishing the primary National Ambient Air Quality Standards ("NAAQS") for sulfur dioxide (the "1971 $SO_2$ NAAQS"), *Final Rule*, 36 Fed. Reg. 8,186 (Apr 30, 1971);

WHEREAS, on June 2, 2010, pursuant to CAA section 109(a)(1), 42 U.S.C. § 7409(d)(1), the EPA Administrator signed a notice promulgating a final rule revising the primary National Ambient Air Quality Standards for $SO_2$, *Final Rule*, 75 Fed. Reg. 35,520 (June 22, 2010) (the "2010 $SO_2$ NAAQS");

WHEREAS, on July 25, 2013, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish

initial air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule*, 78 Fed. Reg. 47,191 (Aug. 5, 2013) (the "initial 2010 $SO_2$ NAAQS designations");

WHEREAS, the initial 2010 $SO_2$ NAAQS designations became effective on October 4, 2013, *id.* at 47,191;

WHEREAS, on June 30, 2016, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule*, 81 Fed. Reg. 45,039 (July 12, 2016) (the "Round 2 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 2 2010 $SO_2$ NAAQS designations became effective on September 12, 2016, *id.* at 45,039;

WHEREAS, on November 29, 2016, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule,* 81 Fed. Reg. 89,870 (Dec. 13, 2016) (the "Round 2 Supplemental 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 2 Supplemental 2010 $SO_2$ NAAQS designations became effective on January 12, 2017, *id.* at 89,870;

WHEREAS, on December 21, 2017, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule,* 83 Fed. Reg. 1098 (Jan. 9, 2018) (the "Round 3 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 3 2010 $SO_2$ NAAQS designations became effective on April 9, 2018, *id.* at 1098;

WHEREAS, on December 21, 2020, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule,* 86 Fed. Reg. 16,055 (Mar. 26, 2021) (the "Round 4 2010 $SO_2$ NAAQS designations");

WHEREAS, the Round 4 2010 $SO_2$ NAAQS designations became effective on April 30, 2021, *id.* at 16,055;

WHEREAS, Plaintiffs allege that in response to the 2010 SO$_2$ NAAQS, EPA designated the following areas as "nonattainment" in that the outdoor air quality in these areas violates the SO$_2$ standard: Hayden, AZ; Miami, AZ; Giles County (part), VA; Huntington, IN; Evangeline Parish (part), LA; Piti-Cabras, Guam; Guayama-Salinas, PR; San Juan, PR; Alton Township, IL; Anne Arundel County and Baltimore County (part), MD (Baltimore); St. Clair, MI; Freestone and Anderson Counties (part), TX; Rusk and Panola Counties (part), TX; and Titus County (part), TX;

WHEREAS, Plaintiffs allege that pursuant to CAA section 191(a), 42 U.S.C. § 7514(a), States that contain areas that are designated nonattainment after November 15, 1990, are required to provide State Implementation Plan ("SIP") submissions to EPA within 18 months of the effective date of designations, *i.e.* by April 4, 2015 for the initial 2010 SO$_2$ NAAQS designations; by March 12, 2018 for the Round 2 2010 SO$_2$ NAAQS designations; by July 12, 2018 for the Round 2 Supplemental 2010 SO$_2$ NAAQS designations; by October 9, 2019 for the Round 3 2010 SO$_2$ NAAQS designations; and by October 31, 2022 for the Round 4 SO$_2$ NAAQS designations;

WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), EPA must then determine whether a State's submittal is complete within six months after EPA receives the submission, and if EPA does not determine completeness of the plan or revision within six (6) months, then the submittal is deemed complete by operation of law after six (6) months;

WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), if a State does not submit a SIP at all or if EPA determines a submitted SIP to be incomplete, then six (6) months after the SIP was due EPA is required to determine that the State failed to submit the SIP;

WHEREAS, Plaintiffs allege that if EPA determines that a State fails to submit a SIP, this triggers a requirement pursuant to CAA section 110(c)(1)(A), 42 U.S.C. § 7410(c)(1)(A), that EPA promulgate a federal implementation plan ("FIP") for the State within two (2) years of the determination;

1  WHEREAS, Plaintiffs allege that pursuant to CAA section 110(k)(2)-(4), 42
2  U.S.C. § 7410(k)(2)-(4), EPA is required to approve in whole or in part, disapprove, or
3  conditionally approve in whole or in part, each submitted complete plan or revision,
4  within 12 months of a determination of completeness by EPA or a submittal deemed by
5  operation of law to be complete;

6  WHEREAS, Plaintiffs allege that pursuant to CAA section 179(c), 42 U.S.C. §
7  7509(c), EPA is required within six (6) months following a designated nonattainment
8  area's deadline for attaining a NAAQS to determine whether the area attained the
9  standard by that date, and then to publish notice in the Federal Register of that
10 determination;

11 WHEREAS, Plaintiffs allege that if EPA determines that an area did not attain the
12 NAAQS by its attainment deadline, this triggers a requirement pursuant to CAA section
13 179(d)(1), 42 U.S.C. § 7509(d)(1), that the State submit a revised SIP;

14 WHEREAS, in Claim 1, Plaintiffs allege that on January 31, 2022, EPA found
15 that the Miami, Arizona sulfur dioxide nonattainment area failed to attain the 2010
16 primary 1-hour $SO_2$ NAAQS by their attainment date of October 4, 2018, 87 Fed. Reg.
17 4,805 (Jan. 31, 2022), and that this trigged an obligation for Arizona to submit a SIP
18 revision by January 31, 2023, pursuant to CAA Section 179(d). Plaintiffs further allege
19 that although it has been more than six (6) months since January 31, 2023, Arizona has
20 not submitted this SIP revision. Plaintiffs further allege that notwithstanding the
21 foregoing, EPA has not made a finding of Arizona's failure to submit.  Therefore,
22 Plaintiffs allege, EPA is in violation of its nondiscretionary duty to make a finding of
23 Arizona's failure to submit a "post-failure to attain" SIP revision for the Miami, Arizona
24 area, including the emission inventory, attainment demonstration, contingency measures,
25 NNSR, RACM/RACT, and RFP elements;

26 WHEREAS, in Claim 1, Plaintiffs also allege that EPA's "Round 4" of
27 nonattainment designations, 86 Fed. Reg. 16,055 (Mar. 26, 2021), required States with
28 nonattainment areas to submit nonattainment areas SIPs within 18 months of the effective

1  date of the nonattainment designation, *i.e.,* by no later than October 31, 2022. 86 Fed.
2  Reg. at 16,057. Plaintiffs further allege that in Round 4, EPA designated Giles County
3  (part), Virginia as nonattainment. Plaintiffs further allege that although it has been more
4  than six months since October 31, 2022, Virginia has not submitted any of the SIP
5  elements except the attainment demonstration. Plaintiffs further allege that
6  notwithstanding the foregoing, EPA has not made a finding of Virginia's failure to
7  submit. Therefore, Plaintiffs allege, EPA is in violation of its nondiscretionary duty to
8  make a finding of failure to submit SIP elements for Virginia including the emission
9  inventory, contingency measures, NNSR, RACM/RACT, and RFP elements;

10  WHEREAS, on August 16, 2024, EPA published a final action determining that
11  Arizona and Virginia, among other States, had failed to submit the required SIPs for the
12  Miami and Giles County nonattainment areas, respectively, and that this final action
13  became effective on September 16, 2024, 89 Fed. Reg. 66,603, such that Claim 1 is now
14  moot;

15  WHEREAS, in Claim 2, Plaintiffs allege that on March 18, 2016, effective April
16  18, 2016, EPA published a finding that Arizona had failed to submit the required $SO_2$
17  nonattainment plan for the Hayden, Arizona nonattainment area by the submittal
18  deadline. *See* 81 Fed. Reg. 14,736, 14,738 (Mar. 18, 2016). Plaintiffs allege that this
19  finding triggered a CAA requirement that EPA promulgate a Federal Implementation
20  Plan ("FIP") within two (2) years of the finding unless, before promulgating the FIP (a)
21  the State had made the necessary complete submittal and (b) EPA had approved the
22  submittal as meeting applicable requirements. 42 U.S.C. § 7410(c)(1). Plaintiffs allege
23  that as a result of the foregoing, EPA was required to promulgate a FIP for the Hayden
24  Arizona $SO_2$ nonattainment area by no later than April 18, 2018 for the attainment
25  demonstration, contingency measures, enforceable emissions limitations and controls,
26  RACM/RACT, and RFP elements, but EPA has not promulgated a FIP for the Hayden,
27  Arizona $SO_2$ nonattainment area for the attainment demonstration, contingency measures,
28  enforceable emissions limitations and controls, RACM/RACT, and RFP elements.

Although on October 3, 2023, Arizona submitted a SIP, which EPA determined to be complete on May 2, 2024, EPA has not approved the submittal as meeting applicable requirements. Based on the foregoing, Plaintiffs allege that EPA is in violation of its nondiscretionary duty to promulgate a FIP for the Hayden $SO_2$ nonattainment area;

WHEREAS, in Claim 2, Plaintiffs also allege that on November 3, 2020, effective December 3, 2020, EPA published a finding that Indiana, Louisiana, Guam, and Puerto Rico had failed to submit the required $SO_2$ nonattainment plans for the Huntington, Evangeline Parish, Piti-Cabras, Guayama-Salinas, and San Juan nonattainment areas by the submittal deadline. 85 Fed. Reg. 69,504, 69,506 (Nov. 3. 2020). Plaintiffs allege this finding triggered a requirement that EPA promulgate FIPs within two (2) years of the finding unless, before promulgating the FIP (a) the State had made the necessary complete submittal and (b) EPA had approved the submittal as meeting applicable requirements. 42 U.S.C. § 7410(c)(1). Plaintiffs allege that based on the foregoing, EPA was required to promulgate FIPs for the Huntington, Evangeline Parish, Piti-Cabras, Guayama-Salinas, and San Juan $SO_2$ nonattainment areas by no later than December 3, 2022 for the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements. Plaintiffs further allege that notwithstanding the foregoing, EPA has not promulgated FIPs for the Huntington, Evangeline Parish, Piti-Cabras, Guayama-Salinas, and San Juan $SO_2$ nonattainment areas for the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements. Further, Plaintiffs allege that none of these States or Territories has made the necessary complete submittal, and that EPA has not approved such submittal as meeting applicable CAA requirements. Therefore, Plaintiffs allege, EPA has failed to promulgate the necessary FIPs for the Huntington, Evangeline Parish, Piti-Cabras, Guayama-Salinas, and San Juan $SO_2$ nonattainment areas;

WHEREAS, in Claim 3, Plaintiffs allege that no later than 6 months after the attainment date for a nonattainment area, EPA has a nondiscretionary duty to determine

whether an area has attained the NAAQS and publish a notice in the Federal Register of that determination. 42 U.S.C. § 7509(c). Plaintiffs further allege that the six areas listed in Table 1 (Paragraph 51 of the First Amended Complaint) – Alton Township, IL; Anne Arundel County and Baltimore County, MD; St. Clair, MI; Freestone and Anderson Counties, TX; Rusk and Panola Counties, TX; and Titus County, TX – have been designated by EPA as nonattainment for the 2010 $SO_2$ NAAQS effective no later than January 12, 2017. 81 Fed. Reg. 45,039 (July 12, 2016); 81 Fed. Reg. 89,870 (Dec. 13, 2016). Therefore, Plaintiffs allege, these areas had an attainment date of no later than January 12, 2022. 42 U.S.C. § 7514a(a). Plaintiffs allege that based on the foregoing, EPA had a nondiscretionary duty to determine whether these areas attained by the attainment date and to publish notice of such finding by no later than July 12, 2022. 42 U.S.C. § 7509(c). Plaintiffs allege that EPA has not determined whether these six areas attained by the attainment date and published notice of such finding for the six areas. Therefore, Plaintiffs allege, EPA is in violation of its nondiscretionary duty to determine whether these six areas attained by their attainment date and to publish notice of such a finding;

WHEREAS, in Claim 3, Plaintiffs also allege that the five areas listed in Table 2 (Paragraph 53 of the First Amended Complaint) – Huntington, IN; Evangeline Parish (Partial), LA; Piti-Cabras, Guam; San Juan, PR; and Guayama-Salinas, PR – were designated by EPA as nonattainment for the 2010 $SO_2$ NAAQS effective no later than April 9, 2018. 83 Fed. Reg. 1,098 (Jan. 9, 2018), and that, therefore, these areas had an attainment date of no later than April 9, 2023. 42 U.S.C. § 7514a(a). Based on the foregoing, Plaintiffs allege that EPA had a nondiscretionary duty to determine whether these areas attained by the attainment date and publish notice of such finding by no later than October 9, 2023. 42 U.S.C. § 7509(c). Plaintiffs allege that EPA has not determined whether these five areas attained by the attainment date and published notice of such finding for these five areas. Therefore, Plaintiffs allege, EPA is in violation of its

nondiscretionary duty to determine whether these five areas attained by their attainment date and to publish notice of such a finding;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of both of the remaining Claims in Plaintiffs' Complaint and therefore wish to effectuate this settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the parties agree that no party to this Consent Decree will challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree;

WHEREAS, Plaintiffs provided timely prior written notice of their intent to bring this suit, and more than 60 days have passed since Plaintiffs provided such written notice to EPA;

WHEREAS, the parties agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ORDERED, adjudged and decreed that:

**OBLIGATIONS**

1. The appropriate EPA official shall:

    a. On or before August 29, 2025, sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable

emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Huntington, Indiana SO2 nonattainment area;

  b. On or before August 28, 2026, sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, and RFP elements for the Hayden, Arizona $SO_2$ nonattainment area;

  c. On or before September 30, 2025, sign a notice of proposed rulemaking proposing under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Piti-Cabras, Guam $SO_2$ nonattainment area, and sign a notice of proposed rulemaking proposing under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Evangeline Parish, Louisiana $SO_2$ nonattainment area;

  d. On or before March 31, 2026, sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Piti-Cabras, Guam $SO_2$ nonattainment area, and sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Evangeline Parish, Louisiana $SO_2$ nonattainment area;

  e. On or before January 14, 2027, sign a notice of proposed rulemaking proposing under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable

emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Guayama-Salinas, Puerto Rico $SO_2$ nonattainment area, and sign a notice of proposed rulemaking proposing under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the San Juan, Puerto Rico $SO_2$ nonattainment area;

  f. On or before June 1, 2027, sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the Guayama-Salinas, Puerto Rico $SO_2$ nonattainment area, and sign a notice of final rulemaking promulgating under CAA section 110(c), 42 U.S.C. § 7410(c), a FIP containing the emissions inventory, attainment demonstration, contingency measures, enforceable emissions limitations and controls, RACM/RACT, NNSR, and RFP elements for the San Juan, Puerto Rico $SO_2$ nonattainment area;

  g. On or before December 19, 2024, sign a notice (or separate notices) determining, under CAA section 179(c), 42 U.S.C. § 7509(c), whether the Anne-Arundel/Baltimore Counties, Maryland $SO_2$ nonattainment area, Alton Township, Illinois $SO_2$ nonattainment area, St. Clair, Michigan $SO_2$ nonattainment area, Freestone-Anderson, Texas $SO_2$ nonattainment area, Rusk-Panola County, Texas $SO_2$ nonattainment area, Titus, Texas $SO_2$ nonattainment area, Evangeline Parish, Louisiana $SO_2$ nonattainment area, and Piti-Cabras, Guam $SO_2$ nonattainment area attained the 2010 $SO_2$ NAAQS by their applicable attainment date;

  h. On or before August 29, 2025, sign a notice determining, under CAA section 179(c), 42 U.S.C. § 7509(c), whether the Huntington, Indiana $SO_2$ nonattainment area attained the 2010 $SO_2$ NAAQS by its attainment date; and

  i. On or before November 1, 2027, sign a notice (or separate notices) determining, under CAA section 179(c), 42 U.S.C. § 7509(c), whether the Guayama-

Salinas, Puerto Rico SO$_2$ nonattainment area and the San Juan, Puerto Rico SO$_2$ nonattainment area attained the 2010 SO$_2$ NAAQS by their attainment date.

2. If for any area listed above in Paragraph 1.a-f EPA issues a clean data determination, then EPA's obligation to promulgate a FIP addressing the attainment demonstration, contingency measures, enforceable emission limitations and controls, RACM/RACT, and RFP elements for that area is automatically terminated but without prejudice for Plaintiffs to enforce EPA's obligation should the clean data determination later be revoked. If for any area listed above in Paragraph 1.a-f EPA, pursuant to CAA section 110(k), 42 U.S.C. § 7410, fully approves or conditionally approves a SIP meeting applicable requirements, then EPA's obligation to take the action required by Paragraph 1a-f for that area is automatically terminated for the approved applicable requirements. If for any area listed in Paragraph 1.a-i EPA, pursuant to CAA section 107(d)(3), 42 U.S.C. § 7407(d)(3), redesignates the area as attainment, then EPA's obligation to take the action required by Paragraph 1.a-i for that area is automatically terminated.

3. EPA shall within fifteen (15) business days of signature of each action set forth in Paragraph 1, send the package for the action to the Office of the Federal Register for review and publication in the *Federal Register*.

**RESOLUTION OF THE CONSENT DECREE**

4. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree (or EPA's obligations under Paragraph 1 have been terminated pursuant to Paragraph 2), after notice of each final action required by Paragraph 1 has been published in the *Federal Register*, and after the issue of costs of litigation (including reasonable attorney fees) has been resolved, EPA may move to have this Consent Decree terminated and the above-captioned matter shall be dismissed with prejudice except as noted in the first sentence of Paragraph 2 above. Plaintiffs shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

5. The Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree.

## EXTENSIONS AND TOLLING OF DEADLINES

6. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply thereto.

7. If a lapse in EPA appropriations occurs within 120 days prior to a deadline in Paragraph 1 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 6.

## COMPLETE RESOLUTION

8. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of Claims 2 and 3 as described in Paragraph 1 hereof and in Plaintiffs' Complaint.

## DISPUTE RESOLUTION

9. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

10. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 9 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

## COSTS OF LITIGATION

11. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs may file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

12. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

13. This Court shall retain jurisdiction over this matter to consider any requests for costs of litigation (including attorney fees).

## DISCLAIMERS RE: JURISDICTION, DISCRETION, AND ADMISSIONS

14. Nothing in this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to sections 110(c), 110(k), 179(c) or 107(d)(3) of the CAA, 42 U.S.C. §§ 7410(c), 7410(k), 7509(c) or 7407(d)(3), or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

15. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in

taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

16. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

**DRAFTING AND QUESTIONS OF INTERPRETATION**

17. It is expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

**NOTICE AND COMMENT**

18. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

**NOTICES**

19. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new

address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

    For Plaintiffs Center for Biological Diversity and Sierra Club:

        Robert Ukeiley

        Law Office of Robert Ukeiley
        255 Mountain Meadows Road
        Boulder, CO 80302
        Tel: (720) 496-8568
        Email: rukeiley@igc.org

        and

        Ryan Maher
        Center for Biological Diversity
        411 K St. NW, Suite 1300
        Washington, DC 20002
        781-325-6303
        rmaher@biologicaldiversity.org

    For Defendant EPA:    Martin F. McDermott
        U.S. Department of Justice
        Environment & Natural Resources Division
        Environmental Defense Section
        4 Constitution Square
        150 M Street N.E., Suite 4.147
        Washington D.C. 20001
        Tel. (202) 514-4122
        Email: martin.mcdermott@usdoj.gov

**APPROPRIATED FUNDS**

20. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

**FINAL CLAUSES REGARDING APPROVAL/DISAPPROVAL EFFECT ON THE PARTIES, NOTICE AND CERTIFICATION**

21. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties and any successors, assigns and/or designatees. This Consent Decree shall not be construed to create any rights in or grant any cause of action to any third party that is not a party to this Consent Decree.

23. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

IT IS SO ORDERED on this 17th day of December, 2024.

*/s/ Haywood S. Gilliam, Jr.*
THE HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE